IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JACK JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-06129-CV-SJ-ODS |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION TO PARTIALLY
DISMISS CASE, (2) GRANTING DEFENDANT'S MOTION FOR EXTENSION OF
TIME TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION,
(3) WITHDRAWING PLAINTIFF'S MOTION REGARDING RULE 26(F) CONFERENCE,
AND (4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
TO RULE ON DEFENDANT'S MOTION FOR EXTENSION OF TIME
AND ENLARGE TIME TO FILE PROPOSED SCHEDULING ORDER</u>

Pending are (1) Plaintiff's Motion for Summary Judgment (Doc. #6), (2) Defendant's Motion to Partially Dismiss Case (Doc. #13), (3) Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. #15), (4) Plaintiff's Motion Regarding Rule 26(f) Conference (Doc. #22), and (5) Plaintiff's Motion to Rule on Defendant's Motion for Extension of Time and Enlarge Time to File Proposed Scheduling Order (Doc. #23). Plaintiff's summary judgment motion is not fully briefed, but the Court, as explained *infra*, issues rulings on the other motions.

## I.  BACKGROUND

Plaintiff Jack Jordan alleges Defendant U.S. Department of Labor failed to release documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to two FOIA requests. Doc. #1, ¶ 1. The first request (F2018-850930) pertains to Plaintiff's February 2018 request to Defendant for the release of the following documents in Word or unlocked PDF format: (1) all letters from Office of Administrative Law Judges ("OALJ") to Plaintiff's FOIA requests; (2) the letter from Chief Administrative Law Judge ("ALJ") Henley to Plaintiff dated May 15, 2017, regarding how to address ALJ misconduct; and (3) the letter from Chief ALJ Henley to Plaintiff dated February 2,

2018, refusing to meet with Plaintiff regarding ALJ misconduct. *Id.*, ¶ 2. Defendant denied Plaintiff's request. *Id.*, ¶ 13. Plaintiff asks the Court to order Defendant to release all letters responsive to the request. Doc. #1, at 15.

The second request (F2018-858557) is Plaintiff's April 2018 request, which sought release of Defendant's records concerning "emails sent by employees of DynCorp International LLC ("DI") on July 30 or 31, 2013 with the subject line: 'WPS – next steps & actions'" in the possession of Defendant's Benefits Review Board ("BRB"). *Id.*, ¶ 4. "On July 30, 2013, the emails were sent by DI employee Darin Powers ('Powers') to Brian Cox ('Cox') and Robert Huber ('Huber') and other recipients ('Powers' emails'). On July 31, 2013, the emails were sent by DI employee Huber to Powers and Cox and other recipients ('Huber's emails')." *Id.* Plaintiff seeks release of the emails "in the form…transmitted to the BRB by any person at any time after January 2, 2018[,] along with any documentation establishing the date of transmission to and receipt by the BRB." *Id.*, ¶ 15. Defendant denied the FOIA request, stating the BRB would not "take any action with respect to Powers' email until it is appropriate to do so in connection with the pending FOIA litigation." *Id.*, ¶¶ 16-17 (internal quotations omitted). Plaintiff asks the Court to direct Defendant to produce "all responsive records containing Powers' emails," and other records responsive to his FOIA request. *Id.* at 15.

On October 26, 2018, Defendant moved to dismiss the portions of Plaintiff's Complaint concerning FOIA Request No. F2018-858557 because they are duplicative of litigation being pursued by Plaintiff in another federal court. Doc. #13. While the parties briefed the motion to dismiss, other motions were filed, which the Court addresses *infra*.

## II. PLAINTIFF'S LAWSUIT IN THE D.C. DISTRICT COURT

In 2016, Plaintiff submitted five FOIA requests to Defendant seeking release of emails related to Defense Base Act Case No. 2015-DBA Proceedings, a case in which Plaintiff, an attorney, is representing his wife against DynCorp International. *Jordan v. U.S. Dep't of Labor*, 273 F. Supp. 3d 214, 219-24 (D.D.C. 2017). Plaintiff sought, among other things, unredacted DynCorp emails dated July 30 or July 31, 2013, with the subject line of "WPS – next steps & actions." *Id.* at 220. Defendant refused to produce unredacted copies of two emails, claiming attorney-client privilege. *Id.* at 220.

2

In September 2016, Plaintiff filed suit in the United States District Court for the District of Columbia seeking disclosure of "previously undisclosed versions" of the DynCorp emails. *Id*. The DynCorp emails consists of five emails. Claiming attorney-client privilege, Defendant redacted two emails, only releasing the sender, recipients, date, and subject line. *Id*. at 221. "The chronologically first email ('the Powers email') spans roughly three pages. The second email ('the Huber email') spans roughly half of a page." *Id*.

In August 2017, after conducting an *in camera* review of the emails, the D.C. District Court concluded the content of the Powers' email was protected by the attorney-client privilege, and granted summary judgment in favor of Defendant with regard to that email. *Id*. at 227-32. But the D.C. District Court determined Defendant did not adequately why it withheld the Huber email, and directed Defendant to release the email or file a renewed motion for summary judgment. *Id*. Defendant chose the latter. In March 2018, the D.C. District Court denied Defendant's renewed motion for summary judgment, finding the Huber email was not protected by privilege. *Jordan v. U.S. Dep't of Labor*, 308 F. Supp. 3d 24, 42-44 (D.D.C. 2018). The D.C. District Court directed Defendant to release the Huber email to Plaintiff. *Id*. at 44.

In May 2018, Plaintiff appealed the March 2018 decision (and other decisions issued by the D.C. District Court). In October 2018, the United States Court of Appeals for the District of Columbia affirmed the D.C. District Court's decision. Doc. #20-2.

> Notwithstanding appellant's speculation to the contrary, there is no reason to doubt the district court's finding that an in camera review revealed the Powers email contains an explicit request for legal advice…. To the extent appellant seeks disclosure of the parts of the Powers email that read "attorney-client privilege" and seek an explicit request for legal advice, the district court did not err in declining to require disclosure of such disjointed words that have "minimal or no information content."

Doc. #20-2 (citation omitted). Earlier this month, Plaintiff moved for a rehearing en banc, which remains pending.[1]

---

[1] In December 2017, Plaintiff filed another FOIA lawsuit in the D.C. District Court against Defendant. Therein, Plaintiff seeks disclosure of records showing expenditure of resources in litigating the D.C. District Court lawsuit, and records pertaining "directly or indirectly" to that lawsuit, Plaintiff, or the Judge involved in both lawsuits. *Jordan v. U.S. Dep't of Labor*, 315 F. Supp. 3d 584, 588 (D.D.C. 2018). This lawsuit remains pending.

### III. DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976); *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). No particular rule establishes how a district court must handle identical issues raised in matters pending in different federal courts. *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817). Nonetheless, the Eighth Circuit has determined a plaintiff "should not be allowed to litigate the same issue at the same time in more than one federal court." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (citations and internal quotations omitted). Further, the "dismissal of duplicative claims comports with" the Eighth Circuit's long-standing "general principle" of "avoid[ing] duplicative litigation." *Id.* (citations omitted).

When determining whether to abstain due to a concurrent federal proceeding, the "threshold issue" is whether the proceedings are duplicative or parallel. *See Neb. Inv. Fin. Auth. v. Gen. Elec. Capital Corp.*, No. 4:14-CV-3242, 2016 WL 8376457, at *2 (D. Neb. Jan. 21, 2016) (citations omitted); *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 849 F. Supp. 2d 881, 888 (D. Minn. 2012) (citation omitted). Cases are parallel or duplicative when the same issues are being litigated at the same time in more than one federal court. *Blakley*, 648 F.3d at 932 (citation omitted). If cases assert different legal theories but rely on a "common nucleus of operative fact" and seek essentially the same relief in both cases, the cases are considered the same. *See Ritchie*, 849 F. Supp. 2d at 889 (citing *Friez v. First Am. Bank & Trust of Minot,* 324 F.3d 580, 581 (8th Cir. 2003)).

In the D.C. District Court and this Court, Plaintiff, pursuant to FOIA, seeks disclosure of emails sent on July 30 and 31, 2013, by DynCorp employees with the subject line "WPS – next steps & actions." *Compare Jordan v. U.S. Dep't of Labor*, 273 F. Supp. 3d 214, 219-24 (D.D.C. 2017), *with* Doc. #1, ¶¶ 4-7, 17-18, 20, 22-35, 38-40. In fact, Plaintiff specifically discusses the D.C. District Court lawsuit in his Complaint, alleging that Court improperly granted summary judgment in Defendant's favor, and arguing the D.C. District Court improperly inferred Powers' emails were for legal advice. Doc. #1, ¶¶ 7, 17, 31, 36-40. Although the Court of Appeals for the District of Columbia affirmed the D.C. District Court's decision that Powers' email was exempt from

4

disclosure, Plaintiff asks this Court to order Defendant to release "all responsive records containing Powers' emails," and "any record containing Huber's emails." *Id.* at 15.

Plaintiff argues the two matters are different because the "FOIA request at issue in this case pertains, essentially, only to Powers' emails," and in particular, "Powers' emails to Cox and Huber." Doc. #16, at 6-7. Plaintiff contends Defendant "failed to address any particular communication to any person," and "failed to show that the DC Lawsuit addressed *any* aspect *whatsoever* of Powers' emails to Cox and Huber…" *Id.* at 7 (emphasis in original), 12-19, 22-23. Plaintiff, however, fails to mention Powers' email was sent, not only to Cox and Huber, but three other individuals, including his attorney. Doc. #1-2, at 3. That is, it was one email sent to five individuals.

The D.C. District Court, after conducting an *in camera* review of this email, found the Power's email "contained privileged communications between an attorney and his client," as well as "an express request for legal advice." 273 F. Supp. 3d at 232. Yet, as revealed by his response to the motion to dismiss, Plaintiff seeks to relitigate whether Defendant properly redacted the Powers' email, asserting arguments he did or could have made before the D.C. District Court. Doc. #16, at 7-23. Upon review of the D.C. District Court lawsuit and the Complaint filed in this matter, the Court finds this matter is parallel or duplicative of the matter litigated in the D.C. District Court.

Where two federal courts simultaneously exercise jurisdiction over matters involving the same claims, one federal court may defer to the other federal court based upon considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 849 F. Supp. 2d 881, 888 (D. Minn. 2012) (citation omitted). This Court may also consider the relative progress of the two actions; whether a suit was filed for a vexatious, reactive, or tactical purpose; and "whether the forum in which the first case was filed adequately protects the rights of the litigants in the second case." *Ritchie*, 342 U.S. at 90-91 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21-22 (1983), and *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.,* 48 F.3d 294, 299 (8th Cir. 1995)). District courts have ample discretion to stay or dismiss a matter based upon a duplicative federal proceeding. *Kerotest*, 342 U.S. at 183-84.

The Court has considered these factors. The D.C. District Court issued a decision related to the second FOIA request Plaintiff seeks to appeal in this matter. Thus, the conservation of judicial resources, comprehensive disposition of litigation, and the progress of that action weigh in favor of this Court deferring to the D.C. District Court. Plaintiff does not contend, much less set forth evidence, his rights were or are not adequately protected in the D.C. District Court lawsuit. As best the Court can discern, Plaintiff filed numerous motions in the D.C. District Court, and there is no indication Plaintiff's rights were not adequately protected.

Plaintiff raises other various other arguments in response to Defendant's motion for partial dismiss. By way of example, Plaintiff contends Defendant waived its argument because it "merely *cited* two rules" and "did not even explicitly state the basis for its motion." Doc. #16, at 10-11 (emphasis in original). The Court disagrees, and finds Defendant provided a basis and legal authority for its motion. To the extent not specifically addressed *supra*, the Court overrules Plaintiff's other objections to Defendant's motion for partial dismissal. Based upon the foregoing, the Court grants Defendant's motion, and dismisses Plaintiff's claims associated with and/or based upon FOIA Request F2018-858557 without prejudice.[2]

### IV.    OTHER FULLY BRIEFED MOTIONS

#### A. Defendant's Request for Extension of Time

Defendant filed a request to extend its deadline to respond to Plaintiff's summary judgment motion until ten days after the Court issues its ruling on Defendant's Motion to Dismiss. Doc. #15. Plaintiff's opposed Defendant's request. Doc. #17. The Court overrules Plaintiff's objection, and grants Defendant's request. Defendant shall file its response to Plaintiff's summary judgment motion by no later than ten days after the date of this Order. Absent extenuating circumstances, no additional extensions of time will

---

[2] Although not raised by Defendant, the doctrine of res judicata likely precludes Plaintiff from relitigating his FOIA request related to Powers' email. "The doctrine of res judicata applies to repetitive suits involving the same cause of action." *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (citation omitted). "Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action." *Id.* (citation omitted).

be granted with regard to Defendant's response to Plaintiff's summary judgment motion. Pursuant to Local Rule 7.0(c)(3), Plaintiff may file reply suggestions within fourteen days after Defendant's response is filed.

### B. Plaintiff's December 2018 Motions

On December 4, 2018, Plaintiff filed a motion asking the Court to direct Defendant to participate in the parties' Rule 26(f) conference by noon on December 6, 2018. Doc. #22. Two days later, Plaintiff stated he was withdrawing his December 4, 2018 motion. Doc. #23. The Court will construe Plaintiff's filing as seeking permission to withdraw his earlier motion. The Court grants Plaintiff's request, and Plaintiff's December 4, 2018 motion (Doc. #22) is withdrawn.

In his December 6, 2018 motion, Plaintiff also asked the Court to direct Defendant to respond to Plaintiff's summary judgment motion within seven days, and extend the deadline for the parties' joint proposed scheduling order from December 17, 2018, to seven days after Defendant files its response to Plaintiff's summary judgment motion. Plaintiff's request is granted in part and denied in part. As set forth *supra*, the Court has directed Defendant to file its response to Plaintiff's summary judgment motion within ten days of the date of this Order. The Court declines to shorten that timeframe. The Court grants Plaintiff's request to extend the deadline for the parties to submit their joint proposed scheduling order. The parties shall file their joint proposed scheduling order by no later than fourteen days after Defendant files its response to Plaintiff's summary judgment motion.

### V. PARTIES' COMMUNICATIONS GOING FORWARD

The briefing in this matter reveals, at a minimum, communication issues between the parties' counsel. Counsel are reminded that they must adhere to the Principles of Civility. Doc. #10, at 4. Going forward, the Court expects the parties to work together to schedule matters, respect the time and schedule of others, and avoid unwarranted attacks on the opposing party or his/its counsel. When a party intends to request an extension of time, counsel shall meet and confer in good faith prior to filing any such

motion. The Court expects the parties and their counsel to agree to reasonable requests for extensions.[3]

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Partially Dismiss Case (Doc. #13) is granted; Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. #15) is granted, and Defendant shall file its response to Plaintiff's summary judgment within ten days of this Order; Plaintiff's Motion Regarding Rule 26(f) Conference (Doc. #22) is withdrawn pursuant to his request; and Plaintiff's Motion to Rule on Defendant's Motion for Extension of Time and to Enlarge Time to File Proposed Scheduling Order (Doc. #23) is granted in part and denied in part.

IT IS SO ORDERED.

DATE: December 14, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court's expectation should come as no surprise to Plaintiff who was informed of the D.C. District Court's similar expectation. "In this District, requests for extensions of short durations are routine. The civility of most counsel appearing before this Court results in most requests of this nature premised on prearranged vacations and the press of business being unopposed." 308 F. Supp. 3d at 37.