IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JACK JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-06129-CV-SJ-ODS |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER (1) GRANTING PLAINTIFF'S RULE 58 MOTION, (2) DENYING PLAINTIFF'S
RULE 60 MOTIONS, AND (3) DENYING PLAINTIFF'S MOTION FOR ORDER</u>

Currently pending are several motions. This Order only addresses Plaintiff's Rule 58 motion, Plaintiff's Rule 60 motions, and Plaintiff's motion for order. For the following reasons, Plaintiff's Rule 58 motion (Doc. #28) is granted, but Plaintiff's Rule 60 motions (Docs. #27, 29) and Plaintiff's motion for order (Doc. #30) are denied.

## I.   BACKGROUND

Plaintiff Jack Jordan alleges Defendant United States Department of Labor ("DOL") failed to release documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to two FOIA requests. Doc. #1, ¶ 1. FOIA Request F2018-850930 sought production of certain letters sent from the Office of Administrative Law Judges to Plaintiff. *Id*. ¶ 2. FOIA Request F2018-858557 requested release of "emails sent by employees of DynCorp International LLC ("DI") on July 30 or 31, 2013 with the subject line: 'WPS – next steps & actions.'" *Id*. ¶¶ 4, 15. The DOL denied both requests. *Id*. ¶¶ 13, 16-17. In his Complaint, Plaintiff asked the Court to order the DOL to produce all documents responsive to both FOIA requests.

The DOL moved to dismiss Plaintiff's claims related to FOIA Request F2018-858557 because they were duplicative of litigation brought by Plaintiff in the United States District Court for the District of Columbia. *Jordan v. U.S. Dep't of Labor*, No. 16-1868 (D.D.C.) ("D.C. Lawsuit"). On December 14, 2018, the Court granted the DOL's

motion, and dismissed without prejudice Plaintiff's claims based upon FOIA Request F2018-858557.  Doc. #24.

Shortly thereafter, Plaintiff filed four motions asking the Court to (a) set out its judgment in a separate document (Doc. #28); (b) grant him relief with regard to the Court's consideration of the treatment of inferences and the DOL's credibility in the D.C. Lawsuit (Doc. #27); (c) grant him relief with regard to the Court's consideration of the "progress of" the D.C. Lawsuit and "deferring" to Judge Contreras because of alleged fraud, misrepresentation, and misconduct by the DOL and the Department of Justice ("DOJ") (Doc. #29); and (d) direct the DOL to publicly file Powers' emails to Cox and Huber (Doc. #30).  The DOL opposes Plaintiff's motions.  Doc. #36.

## II.     DISCUSSION
### A. Plaintiff's Rule 58(a) Motion (Doc. #28)

Pursuant to Rule 58, Plaintiff asks the Court to set out its judgment in a separate document.  The DOL opposes Plaintiff's request because not all claims have been adjudicated.  In his reply, Plaintiff clarifies he is asking that "*whenever* the Court does enter judgment," it does so in a separate document.  Doc. #40.

"Every judgment…must be set out in a separate document…."  Fed. R. Civ. P. 58(a).  "A party may request that judgment be set out in a separate document…"  Fed. R. Civ. P. 58(d).  Once all claims have been adjudicated and an appealable order is entered, the Court, as it always does, will issue its judgment in a separate document.  Fed. R. Civ. P. 54, 58; L.R. 58.1.  Plaintiff's motion is granted.

### B. Plaintiff's Rule 60 Motions (Docs. #27 and 29)

Plaintiff filed two Rule 60 motions.  In his first Rule 60 motion, Plaintiff asks the Court grant him relief with respect to the Court's "consideration of the treatment of inferences and the DOL's credibility by Judge Contreras in the D.C. Lawsuit when [this Court] stated that to the 'best' of [its] ability to 'discern,' the record of the D[.]C[.] Lawsuit gave 'no indication' that 'Plaintiff's rights were not adequately protected.'"  Doc. #27, at 2.  In his second Rule 60 motion, Plaintiff asks the Court to "reverse its decision dismissing claims related to FOIA Request F2018-858557" because this Court did not

2

properly consider the "progress of" the D.C. Lawsuit, should not have "'deferr[ed] to Judge Contreras," and failed to consider the "fraud, misrepresentation and egregious misconduct" by the DOL and DOJ. Doc. #29, at 6.  The DOL opposes the motions, arguing Rule 60 does not apply to interlocutory orders.  In his reply, Plaintiff argues the Court is permitted to grant him Rule 60 relief from the D.C. District Court's judgment. Doc. #41, at 4.

### (1) This Court's December 14, 2018 Order

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Relevant to Plaintiff's motions, "the court may relieve a party…from a final judgment, order, or proceeding for…fraud…, misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(3), (6).  But Rule 60(b) only applies to final judgments and orders.  *Gonzalez v. Crosby*, 545 U.S. 524, 527 (2005); *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (noting Rule 60(b) only applies to motions seeking relief from final judgments).[1]  Plaintiff's Rule 60 motions – at least the initial briefing of his Rule 60 motions – were directed at this Court's December 14, 2018 Order, which dismissed without prejudice some of Plaintiff's claims.  That Order is not a final judgment.  Therefore, Plaintiff's Rule 60 motions are denied to the extent they sought relief from this Court's December 14, 2018 Order.

### (2) The D.C. District Court's Judgment

In his reply, Plaintiff repositions the target of his Rule 60 motions, arguing this Court may grant him relief from the D.C. District Court's judgment.  Doc. #41, at 4.  Curiously, Plaintiff's new position conflicts with what he told the Court in response to the DOL's partial motion to dismiss: "So the DC Lawsuit is ongoing and Plaintiff is not

---

[1] *See also* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule….").

3

seeking to have this Court review any D.C. court's rulings." Doc. #16, at 9 n.3. Nevertheless, both the Eighth Circuit and this Court generally do not consider new arguments raised in a party's reply brief. *See United States v. Morris*, 723 F.3d 934, 942 (8th Cir. 2013) (citations omitted); *Harris v. Daviess-DeKalb Cty. Reg'l Jail*, No. 14-6069, 2016 WL 3645201, at *9 (W.D. Mo. June 30, 2016). For this reason alone, the Court denies Plaintiff's Rule 60 motions.

Even if the Court were to consider Plaintiff's Rule 60 motions as they relate to the D.C. District Court's judgment, it would still deny the motions. "Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment." 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2865 (3d ed. 2018). An advisory committee note to an amendment to Rule 60(b), however, indicates Rule 60(b) may be used to seek relief from a judgment by filing a motion with the court in which the judgment was rendered, <u>or</u> by "filing a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment." Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment. Several courts have discussed Rule 60(b)'s application to a judgment rendered by another court, but those cases are limited to specific circumstances, such as Rule 60(b)(4) motions arguing the rendering court's judgment is void.[2] *E.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008); *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395 (5th Cir. 2001); *Morris v. Peterson*, 759 F.2d 809, 811 (10th Cir. 1985); *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, 249-50 (1st Cir. 1982); *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980).

Plaintiff's motions are not analogous to the unique circumstances where courts granted relief from a judgment entered by another court. Plaintiff not only commenced the D.C. Lawsuit, but he actively participated in the litigation. On August 4, 2017, the D.C. District Court granted in part and denied in part the DOL's motion for summary

---

[2] Rule 60(b)(4) allows a party to seek relief from a final judgment that is void, and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Fed. R. Civ. P. 60(b)(4); *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008).

judgment, finding, among other things, the DOL properly withheld production of the Powers' email dated July 30, 2013. No. 16-1868 (D.D.C.) (Docs. #38-39). That order did not adjudicate all claims in the D.C. Lawsuit, and thus, was not an appealable order. On March 30, 2018, the D.C. District Court, *inter alia*, entered its judgment in favor of Plaintiff with respect to the Huber email. *Id.* (Docs. # 59-60). This order was final and appealable. *Id.* Plaintiff appealed the D.C. District Court's decision. In October 2018, the United States Court of Appeals for the District of Columbia affirmed the D.C. District Court's decision. *Jordan v. U.S. Dep't of Labor*, No. 18-5128 (D.C. Cir.); Doc. #20-2. Plaintiff then requested a rehearing, which was denied. The Court of Appeals issued its mandate on February 1, 2019.

Plaintiff seeks relief from the D.C. District Court's judgment in the form of Rule 60 motions filed in this Court.[3] But Plaintiff does not provide legal authority to support his argument, which alone justifies this Court's denial of his motions. In addition, Plaintiff is not entitled to relief under Rule 60(b)(3) because he failed to "show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented [him] from fully and fairly presenting his case" in the D.C. District Court. *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998) (citation omitted). Perhaps most critical to his Rule 60 motions, Plaintiff did not demonstrate exceptional circumstances warranting the "extraordinary relief" he seeks and justifying this Court's "intrusion into the sanctity of a final judgment" and disregard of "comity among the federal district courts." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999); *Budget Blinds*, 536 F.3d at 251-52. Rather, as discussed *infra*, Plaintiff's Rule 60(b) motions are nothing more than requests that the Court reconsider its ruling on the DOL's partial motion to dismiss, or another opportunity for Plaintiff to relitigate the claims already adjudicated by the D.C. District Court. For these reasons, the Court denies Plaintiff's Rule 60 motions.

---

[3] Plaintiff did not file this action for the specific purpose of seeking relief from the D.C. District Court's judgment. According to the Complaint, Plaintiff seeks release of documents responsive to his FOIA requests. Doc. #1, at 15.

5

*(3) Reconsideration*

Even if the Court were to construe Plaintiff's Rule 60(b) motions as motions for reconsideration of its December 14, 2018 Order, his motions fail. Motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006). "[A] district court should not grant a motion to reconsider an interlocutory order unless the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Lexington Ins. Co. v. MGB Partners, Inc.*, No. 07-0468-DGK, 2009 WL 10672420, at *3 (W.D. Mo. July 13, 2009).

In its December 14, 2018 Order, the Court discussed, among other things, the standard to be applied when faced with a matter duplicative (in part) of a lawsuit filed in another federal court, the factors to be weighed, the similarities between Plaintiff's claims in the D.C. Lawsuit and his claims in this matter, and the progress of the D.C. Lawsuit. Doc. #24, at 2-6. The Court determined "the conservation of judicial resources, comprehensive disposition of litigation, and the progress of that action weigh in favor of this Court deferring to the D.C. District Court." *Id.* at 6. The Court also noted that Plaintiff, in response to the DOL's partial motion to dismiss, did "not contend, much less set forth evidence, his rights were or are not adequately protected" in the D.C. Lawsuit. *Id.*[4] Nonetheless, in the pending motions, Plaintiff attempts to take yet another bite at the apple, arguing extensively about the D.C. Lawsuit.

Plaintiff reargues the substantive issues addressed in the D.C. Lawsuit; attacks the D.C. District Court's judgment; and disparages the DOL, the DOJ, the attorneys

---

[4] In one Rule 60 motion, Plaintiff argues he "did actually establish that his rights were egregiously and intentionally violated by multiple D.C. courts," identifying the adverse decisions by the D.C. District Court. Doc. #27, at 3 (citing Doc. #16, at 9 n.3). But he does not demonstrate adverse rulings amounted to inadequately protected rights.

involved in the lawsuit, and even the judge. Plaintiff criticizes the factual and legal underpinnings of the D.C. District Court's judgment, arguing, among other things, the DOL did not meet its burden of establishing privilege, the judgment was based on "obvious falsehoods," and the order violated federal law. Doc. #27, at 4-15; Doc. #29, at 10-25, 29-34, 36-38; Doc. #41, at 5-10. Additionally, he contends the DOL, the DOJ, and their counsel engaged in "extraordinary misconduct," made misrepresentations and false declarations, "lured a federal judge into knowingly misrepresenting facts…and violating federal law," "helped perpetrate a fraud on multiple courts," made "blatantly deceitful[]" contentions, "falsely" denied allegations, and "created evidence." Doc. #27, at 5-8, 10-11, 13, 15; Doc. #29, at 8, 12-13, 15-21, 24-25, 28-31, 33-34, 36-38; Doc. #41, at 5-10. And Plaintiff argues not only that the D.C. District Court's decision was illegal, but that Judge Contreras[5] willfully violated Plaintiff's rights, "knowingly and egregiously violated federal law," helped the DOL conceal Powers' email, engaged in egregious misconduct, "concealed the truth," made knowing misrepresentations, "conceal[ed]…evidence," violated the law, and "especially clearly and deliberately flaunted (in three published opinions) deliberate and egregious abuses of discretion and power." Doc. #27, at 4-15; Doc. #29, at 8, 12-16, 21, 24, 27, 30-32, 36; Doc. #41, at 5-10.

      Plaintiff's Rule 60 motions are attempts to undermine a preexisting, final judgment entered by the D.C. District Court, and/or efforts to relitigate claims already adjudicated. His arguments are based upon the parties' conduct, arguments, and representations, and the judge's decisions and findings in D.C. Lawsuit. But a motion for reconsideration may not be used for this purpose. A motion for reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir. 1987)); *see also Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) (stating Rule 60(b) authorizes relief based on certain circumstances, and "is not a vehicle for simple reargument on the merits."); *Dale &*

---

[5] "Judge Contreras" is mentioned more than 100 times in Plaintiff's Rule 60 motions. *See* Docs. #27, 29.

7

*Selby Superette & Deli v. U.S. Dep't of Agric.,* 838 F.Supp. 1346, 1348 (D.M inn. 1993) (stating a motion to reconsider should not be utilized to relitigate issues but "afford an opportunity for relief in extraordinary circumstances.").

Plaintiff has not demonstrated he did not have a fair opportunity to argue the issues in the D.C. District Court[6] or this Court, and he has not shown that granting his motions is necessary to correct a significant error. *Lexington Ins. Co.*, 2009 WL 10672420, at *3. Further, Plaintiff has not established exceptional circumstances requiring this Court to grant him the extraordinary relief he seeks. Thus, Plaintiff's Rule 60 motions, even when construed as motions for reconsideration, are denied.

### C. Motion for Order (Doc. #30)

Plaintiff also asks the Court to direct the DOL to file a copy of Powers' emails to Cox and Huber. Docs. #30, 39. Although the DOL represents it produced these emails, Plaintiff contends the DOL has failed to do so. The DOL opposes the motion, stating it complied with the disclosures ordered in the D.C. Lawsuit, and even if it had not, the Plaintiff's remedy lies with the D.C. District Court. Doc. #36, at 3.

It is unclear from the briefing if these emails are the subject of a discovery dispute. If they are, Plaintiff failed to comply with Local Rule 37.1 before filing his motion to order. For this reason, Plaintiff's motion is denied.

Even if these emails are not the subject of a discovery dispute, the Court will not entertain a motion seeking production of emails related to claims adjudicated in another district court and have been dismissed by this Court. For this additional reason, Plaintiff's motion is denied. The relief Plaintiff seeks should be requested in the D.C. District Court, the D.C. Court of Appeals, or with the DOL's Administrative Review Board, with which he recently sought review of an administrative law judge's orders related to the emails. Doc. #36-1, at 27 n.5 (confirming he "already is pursuing Powers'

---

[6] In one of his motions, Plaintiff discloses he briefed one issue – i.e., the DOL's representations as to its redaction of emails – on three separate occasions in the D.C. Lawsuit. Doc. #29, at 20-21. This is but one of the many opportunities Plaintiff had to argue his claims in the D.C. District Court.

8

emails in FOIA suits in the D.C. Circuit, as well as in a second case in D.C. District Court and in a third case in the Western District of Missouri (Eighth Circuit)."

The Court's decision to dismiss Plaintiff's claims associated with Powers' and Huber's emails was clear. Yet, Plaintiff's motions focused on those claims. *See* Doc. #27, at 3-14; Doc. #29, at 7-25, 27-33, 36-38; Doc. #30, at 1-9, 12-13; Doc. #39, at 2-6; Doc. #41, at 5-11. To be clear: the only claims pending in this matter are those associated with Plaintiff's FOIA request (F2018-850930) that sought production of certain letters from the Office of Administrative Law Judges to Plaintiff.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Rule 58(a) motion (Doc. #28) is granted, Plaintiff's Rule 60 motions (Docs. #27 and 29) are denied, and Plaintiff's motion for order (Doc. #30) is denied.

IT IS SO ORDERED.

DATE: March 11, 2019

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT