IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JACK JORDAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-06129-CV-SJ-ODS ) |
| U.S. DEPARTMENT OF LABOR, | ) ) |
| Defendant. | ) |

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION TO RECONSIDER,
(2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
(4) DENYING AS MOOT PLAINTIFF'S MOTION TO JOIN A PARTY, DEFENDANT'S
MOTION FOR PROTECTIVE ORDER, AND PLAINTIFF'S MOTION FOR ORDER</u>

Six motions are currently pending. For the reasons below, Plaintiff's Motion to Reconsider (Doc. #50) is denied; Plaintiff's Motion for Partial Summary Judgment (Doc. #6) is denied; Defendant's Motion for Summary Judgment (Doc. #35) is granted; and the remaining motions – i.e., Plaintiff's Motion to Join a Party (Doc. #37), Defendant's Motion for Protective Order (Doc. #51), and Plaintiff's Motion to Reconsider (Doc. #54), which the Court construes as a Motion for Order – are denied as moot.

## I. BACKGROUND

Plaintiff Jack Jordan alleges Defendant United States Department of Labor ("DOL") failed to release documents pursuant to the Freedom of Information Act ("FOIA"). Doc. #1, ¶ 1. FOIA Request F2018-850930 sought release of certain letters sent from the Office of Administrative Law Judges ("OALJ")[1] to Plaintiff. *Id.* ¶ 2. FOIA Request F2018-858557 sought release of "emails sent by employees of DynCorp International LLC ("DI") on July 30 or 31, 2013 with the subject line: 'WPS – next steps & actions.'" *Id.* ¶¶ 4, 15. The DOL denied both requests. *Id.* ¶¶ 13, 16-17.

The DOL moved to dismiss Plaintiff's claims related to Request 858557 because they were duplicative of litigation brought by Plaintiff in the United States District Court for

---

[1] The OALJ is the DOL's administrative trial court.

the District of Columbia. *Jordan v. U.S. Dep't of Labor*, No. 16-1868 (D.D.C.) ("D.C. Lawsuit"). On December 14, 2018, the Court granted the DOL's motion, and dismissed without prejudice Plaintiff's claims based upon Request 858557. Doc. #24. Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Plaintiff sought relief from the Court's December 14, 2018 Order. Docs. #27, 29. On March 11, 2019, the Court denied Plaintiff's motions, and to the extent he was also seeking reconsideration of the Court's December 14, 2018 Order, the Court denied that request. Doc. #49.

On March 12, 2019, Plaintiff filed a motion to reconsider the Court's December 14, 2018 Order. Doc. #50. Both parties move for summary judgment. Docs. #6, 35. Plaintiff also moves to join Ferissa Talley as a party, Defendant moves for a protective order, and Plaintiff filed a "motion to reconsider," which asks the Court to issue a decision on Plaintiff's previously filed motion to reconsider. Docs. #37, 51, 54. The two summary judgment motions, Plaintiff's motion to reconsider, and Plaintiff's motion to join became fully briefed in March 2019. The remaining two motions are not fully briefed, but additional briefing is not necessary given the Court's rulings in this Order.

## II. DISCUSSION

### A. Motion to Reconsider

Plaintiff moves for reconsideration of the Court's December 14, 2018 Order, arguing the Court lacked discretionary authority to dismiss his claims, and erred in concluding he failed to address how his rights were violated in the D.C. Lawsuit.[2] Under Rule 54(b), district courts have the "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1016-17 (8th Cir. 2007); Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). "Such a motion is to be granted only in exceptional circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

---

[2] On March 27, 2019, Plaintiff filed "Corrections to Plaintiff's Motion to Reconsider," containing three clarifications to his motion. Doc. #53. Although Plaintiff did not seek leave to amend his motion, the Court considered Plaintiff's clarifications.

When considering Plaintiff's Rule 60(b) motions (Docs. #27, 29), the Court also construed those motions as seeking reconsideration. Doc. #49, at 6-8.[3] In doing so, the Court determined Plaintiff did not show that granting his motions was necessary to correct a manifest error of law or fact and did not establish exceptional circumstances requiring the Court to grant him extraordinary relief. *Id.* Plaintiff's recent motion to reconsider reiterates similar arguments he advanced in his Rule 60 motions. *Compare* Doc. #27, at 10-15 *and* Doc. #29, at 33-38, *with* Doc. #41, at 4-11. Once more, Plaintiff has not shown a manifest error of law or fact and has not demonstrated exceptional circumstances exist to grant him extraordinary relief. Accordingly, Plaintiff's motion to reconsider is denied.

### B. <u>Motions for Summary Judgment</u>

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). Inadmissible evidence may not be used to support or defeat a summary judgment motion. *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (citation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984).

In his briefing, Plaintiff repeatedly relies on his complaint to establish facts, support arguments, and controvert the DOL's facts. Doc. #6-1, at 7-14, 24-28; Doc. #48, at 8.[4] A party "cannot simply rely on assertions in the pleadings to survive a motion for summary

---

[3] Citations to page numbers refer to the pagination automatically generated by CM/ECF.
[4] Plaintiff may have done so because he believed the DOL admitted the allegations in the complaint when it failed to answer. Doc. #6-1, at 15. But the Court granted the DOL leave to file its answer out of time. Doc. #12. Thereafter, Plaintiff did not file an amended motion for summary judgment citing evidence to support his purported facts.

3

judgment." *Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003). Similarly, Plaintiff sets forth "facts" but does not cite anything in support. Doc. #6-1, at 7, 11; Doc. #48, at 7, 9-12. The failure to cite anything in support violates the Federal Rules of Civil Procedure and this Court's Local Rules. Fed. R. Civ. P. 56(c); L. R. 56.1(b). The Court has not considered facts solely supported by the complaint or facts not supported by admissible evidence.

When responding to the summary judgment motions, Plaintiff and Defendant did not respond to all of the moving party's facts. When a party fails to address facts, the party is deemed to have admitted those facts. L. R. 56.1(b) (stating "[a] party opposing a motion for summary judgment must admit[] or controvert[] each separately numbered paragraph in the movant's statement of facts…. Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted…."); *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted). Regarding facts supported by admissible evidence but not addressed by the responding party, the Court finds the responding party has admitted those facts.[5]

### (1) The Freedom of Information Act

The FOIA "ensure[s] that government is conducted in the open" and "provide[s] wide-ranging public access to government documents." *Miller v. U.S. Dep't of Agric.*, 13 F.3d 260, 262 (8th Cir. 1993); *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985). "FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). The FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011). The nine exemptions "are 'explicitly made exclusive,' and must be 'narrowly construed.'" *Id.* (quoting *FBI v. Abramson,* 456 U.S. 615, 630 (1982)).

This Court reviews an agency's FOIA decision *de novo*. 5 U.S.C. § 552(a)(4)(B) (2016). "[S]ummary judgment is available to a defendant agency where 'the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA

---

[5] The Court notes the DOL's Fact 63 is missing. Doc. #35, at 6.

requester.'" *Mo. Coal. for Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F. 3d 1204, 1209 (8th Cir. 2008) (quoting *Miller*, 779 F.2d at 1382). To discharge this burden, the agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [the FOIA's] inspection requirements." *Miller*, 779 F.2d at 1382-83 (citation omitted); 5 U.S.C. § 552(a)(4)(B).

### *(2) Request 858557*

Plaintiff seeks summary judgment on his claims arising from Request 858557. However, the Court dismissed Plaintiff's claims associated with this FOIA request. Doc. #24. Therefore, Plaintiff's motion for summary judgment on his claims arising from Request 858557 is denied.

### *(3) Request 850930*

Both parties move for summary judgment on Plaintiff's claims based upon Request 850930, made by Plaintiff on February 7, 2018. Doc. #35-2, at 3-4. Plaintiff asked the DOL to produce the following records in "either MS Word or an unlocked PDF copy": (1) ALJ Almanza's January 17, 2018 decision in Case No. 2016-SOX-00042; (2) all letters from the OALJ to Plaintiff regarding any of his FOIA requests; (3) the May 15, 2017 letter from Chief ALJ Henley to Plaintiff regarding how to address ALJ misconduct; and (4) the February 2, 2018 letter from Chief ALJ Henley to Plaintiff refusing to meet with Plaintiff about ALJ misconduct. Doc. #35-1, at 2; Doc. #35-2, at 2-4. Plaintiff's request asked that an "electronic copy be forwarded to me (1) by email and (2) in the format in which it was created or maintained by the OALJ, *e.g.*, either MS Word or an unlocked PDF." Doc. #35-2, at 3. He reminded the OALJ that it was "required to provide the record in any form or format requested," and "should, to the extent practicable, communicate with [Plaintiff] using the method that is most likely to increase the speed and efficiency of the communication… such as email." *Id.* at 3-4 (citations omitted).

On April 3, 2018, the DOL (specifically, OALJ Chief ALJ Henley) responded to the request, stating all responsive letters were previously provided to Plaintiff in paper copy or as a PDF format attachment to an email. Doc. #35-1, at 2; Doc. #35-2, at 5. The DOL also provided Plaintiff with the web address where ALJ Almanza's decision was located in PDF format. Doc. #35-1, at 3; Doc. #35-2, at 5. The DOL informed Plaintiff it was not

5

required "to create documents or modify existing documents to make them releasable under FOIA." *Id.* The DOL declined to create "new PDF versions of the documents already released to [Plaintiff], both because such documents do not currently exist and because, if generated from the source Word documents, they would have to be modified by scrubbing of metadata." *Id.* The DOL also declined "to create new versions of the source Word documents with metadata scrubbed…because it would contain information about OALJ's deliberative process protected by FOIA Exemption 5." Doc. #35-1, at 3; Doc. #35-2, at 5-6.

On May 3, 2018, Plaintiff appealed the denial, arguing the DOL was "required to provide the record in any form or format requested," and had to create or modify existing documents to make them releasable under the FOIA. Doc. #35-1, at 3; Doc. #35-2, at 7-9. On August 22, 2018, Plaintiff supplemented his appeal with a letter. Doc. #35-2, at 10-14. Therein, he stated what he meant by "unlocked PDF":

> By "unlocked PDF," I mean a PDF that is *not* created by scanning in a paper copy or locked using password protection. I mean a PDF that was created by (1) starting with an MS Word or PDF document (that was not created by scanning a paper copy) and (2) saving it in PDF without password protection so the document can be, *e.g.*, highlighted, annotated using a "comment" function, and filed as exhibits via federal courts' electronic filing systems.

*Id.* at 13; *see also* Doc. #6-1, at 27-28. Plaintiff also asserted that, even if the DOL "previously disclosed the requested records in less useful formats," the DOL was not relieved from its obligation under the FOIA to respond to his request and produce the documents in the requested formats. *Id.*

The next day, on August 23, 2018, Plaintiff sent an email asking why the Office of Solicitor had not acknowledged receipt of his FOIA requests. Doc. #35-1, at 3; Doc. #35-2, at 15. On August 28, 2018, Plaintiff filed this lawsuit. Doc. #1. On September 10, 2018, the FOIA Appeals Unit sent a letter to Plaintiff acknowledging receipt of his appeal. Doc. #35-1, at 3; Doc. #35-2, at 16.[6] Plaintiff does not contest the reasonableness of the DOL's

---

[6] The parties do not discuss whether Plaintiff exhausted his administrative remedies, which is generally a prerequisite to bringing a FOIA lawsuit. *Elnashar v. U.S. Dep't of Justice*, 446 F.3d 792, 796 (8th Cir. 2006); 5 U.S.C. § 552(a)(6)(C)(i). A person is deemed to have exhausted his administrative remedies if the agency does not comply with the applicable time provisions. 5 U.S.C. § 552(6)(C)(i). The DOL has twenty business days to respond to and process FOIA requests and appeals. 29 C.F.R. § 70.25(a); 5 U.S.C. § 552(a)(6)(A)(ii). There is no evidence indicating the DOL responded to or processed

6

search for documents responsive to Request 850930.  But he contends the DOL violated the FOIA by not providing the responsive records in a requested format.

### (a) ALJ Almanza's January 17, 2018 Decision

In his FOIA request, Plaintiff asked for ALJ Almanza's January 17, 2018 decision ("the ALJ's decision") in ALJ Case No. 2016-SOX-00042.  Doc. #35-2, at 2-4.  However, in his complaint, Plaintiff neither mentions ALJ Almanza's decision nor alleges the DOL violated the FOIA by failing to reproduce the ALJ's decision.  *See* Doc. #1.  By failing to set forth allegations related to the ALJ's decision, Plaintiff has not set forth a claim arising from the DOL's response to his FOIA request for the ALJ's decision.  Fed. R. Civ. P. 8(a).  Even if the Court were to overlook that Plaintiff is a licensed attorney and liberally construe the complaint as it would in a matter involving a non-attorney pro se plaintiff, Plaintiff does not assert the essence of a claim associated with the DOL's production of the ALJ's decision.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted) (stating, even if the plaintiff is pro se, the essence of an allegation must be discernible, and the complaint must state a claim as a matter of law).  Thus, Plaintiff fails to state a claim upon which relief may be granted with regard to his claims associated with the DOL's response to his request for ALJ Almanza's decision.

Even if the Court were to find Plaintiff sufficiently stated such a claim, the DOL is entitled to summary judgment on his claim associated with his request for the ALJ's decision.  In response to his FOIA request, the DOL directed Plaintiff to the website where the ALJ's decision was and still is publicly available in PDF format.  Doc. #35-2, at 15; https://www.oalj.dol.gov/DECISIONS/ALJ/SOX/2016/JORDAN_JACK_v_DYNCORP_INTERNATIONA_2016SOX00042_(JAN_17_2018)_080822_ORDER_PD.PDF#search=jack%20jordan (last visited Apr. 9, 2019).  The document is not password protected.  *Id.*  Although he does not mention the ALJ's decision in his summary judgment motion, Plaintiff, in response to the DOL's summary judgment motion, states he has not abandoned his request for the decision and wants it produced in unlocked PDF format.  Doc. #48, at 10; Doc. #48-1, at 3.

---

Plaintiff's FOIA appeal within twenty business days.  Thus, Plaintiff is deemed to have exhausted his administrative remedies.

Federal agencies must "make available for public inspection in electronic format – final opinions…made in the adjudication of cases…." 5 U.S.C. § 552(a)(2)(A). The obligation to make records available in response to a FOIA request does not encompass records the agency must make publicly available in electronic format. 5 U.S.C. § 552(a)(3)(A) (stating agencies "shall make the records promptly available" when properly requested "[e]xcept with respect to records made available under paragraphs (1) and (2) of this subsection…."). Plaintiff does not dispute that ALJ's decision was and still is publicly available in electronic format.[7] And he does not contend the DOL's decision to make ALJ's decision publicly available violates the FOIA.

Plaintiff fails to set forth legal authority demonstrating the DOL violated the FOIA when it made the ALJ's decision publicly available in PDF format, or the DOL, in response to his FOIA request, violated the FOIA when it provided the website where the ALJ's decision was located but did not reproduce the record. And the Court has not found legal authority supporting Plaintiff's argument. Accordingly, the DOL's motion for summary judgment with respect to Plaintiff's request for the ALJ's decision is granted.

### (b) Letters from the OALJ to Plaintiff

For the remainder of Request 850930, Plaintiff asked for letters sent from the OALJ to him regarding any of his FOIA requests, and the letters sent from Chief ALJ Henley to him on May 15, 2017, and February 2, 2018. Doc. #35-2, at 3-4. It is undisputed that Plaintiff received forty letters responsive to his request, and it is further undisputed that he received those letters in PDF format and/or paper copy.[8] Doc. #6-1, at 14; Doc. #35, at 4-6, 11-12; Doc. #35-1, at 4-7; Doc. #35-3; Doc. #35-5; Doc. #35-4; Doc. #35-6; Doc. #35-7; Doc. #48, at 7-8. It is uncontroverted that the produced documents were not redacted,

---

[7] Also, as Plaintiff notes, the ALJ's decision was filed with this Court on February 15, 2019, in unlocked PDF format. Doc. #48, at 9-10 (citing Doc. #35-7).

[8] According to the DOL, "[a] small number" of letters may have been produced in paper copy only. Doc. #35, at 4-6, 12, 14; Doc. #35-1, at 2, 4-7. On October 17, 2016, Plaintiff informed the DOL that there was no need to mail paper copies of letters to him, and he preferred to receive electronic copies. Doc. #35, at 12; Doc. #35-1, at 5-6. Four of the responsive letters were sent to Plaintiff before his October 17, 2016 email, and those four letters may have been sent via paper copy only. *Id.* To date, Plaintiff has not identified which, if any, responsive letters were not provided to him in PDF format.

and no responsive documents were withheld from Plaintiff.[9]  Doc. #35, at 4-6; Doc. #35-1, at 7; Doc. #48, at 7.  Plaintiff, however, argues the DOL violated the FOIA by not producing the letters in his requested format(s).

FOIA requires federal agencies to provide a record "in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.  Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section."  5 U.S.C. § 552(a)(3)(B).  According to the DOL's regulations, a "component[10] will provide the record in the form or format requested if the record is readily reproducible in that form or format, provided the requester has agreed to pay and/or has paid" any required fees.  29 C.F.R. § 70.21(c).  "Each component should make reasonable efforts to maintain its records in commonly reproducible forms or formats."  *Id.*  "Nothing in 5 U.S.C. § 552…requires that any agency or component create a new record in order to respond to a request for records."  29 C.F.R. § 70.5.

Plaintiff requested the responsive records be provided "in either MS Word or an unlocked PDF copy."  Doc. #35-2, at 3 (emphasis added).  He asked the DOL to provide the "electronic cop[ies]" of the letters to him via email "in the format in which it was created or maintained by the OALJ, *e.g.*, either MS Word or an unlocked PDF."  *Id.* (emphasis added).  The DOL provided the letters to Plaintiff via scanned PDFs attached to emails, although some unidentified letters may have been provided to Plaintiff in paper copy only.  Doc. #35, at 4-6, 13; Doc. #35-1, at 2, 4-6.  Plaintiff does not present any evidence that the letters the DOL sent to him in PDF format were password protected, or he was unable to open or access the PDF files.  The same letters were filed with this Court in PDF format, and those documents are not password protected.  Doc. #35-1, at 7; Docs. #35-3, 35-4, 35-5, 35-6, 35-7.  By producing these letters to Plaintiff in a PDF format that is not protected by password, the DOL properly responded to Plaintiff's request to provide the

---

[9] Plaintiff argues responsive documents were withheld because the DOL failed to release the responsive documents in a requested format.  Doc. #48, at 7.  Plaintiff presents nothing countering the DOL's evidence that all responsive letters were provided to him.
[10] The DOL contains twenty-five "components."  29 C.F.R. app. A, Part 70.  Relevant here, the Office of the Solicitor and the OALJ are listed as components of the DOL.

responsive documents to him in unlocked PDF format, one the formats requested by Plaintiff. In doing so, the DOL did not violate the FOIA.[11]

Plaintiff's request also asked that the responsive letters be provided "in the format in which [they were] created or maintained by the OALJ." Doc. #35-2, at 3. This sentence was followed by "*e.g.*, either MS Word or an unlocked PDF." *Id.* "E.g.," an abbreviation for *exempli gratia*, means "for example." *E.g.*, Black's Law Dictionary (10th ed. 2014). When viewing this sentence along with the opening line to Plaintiff's FOIA request, it is difficult to determine if Plaintiff is requesting the responsive documents be produced in Word or unlocked PDF, and/or he is asking that the documents be provided in whatever format is utilized by the DOL, which, for example, could be Word or PDF format. Regardless, the DOL provided the documents in unlocked PDF format, which is the format utilized by the DOL to maintain those records. Doc. #35, at 12; #35-1, at 4-7.

As set forth *supra*, section II(B)(3), it was not until more than three months after Plaintiff appealed the DOL's denial of his FOIA request that he described what he allegedly meant by "unlocked PDF." Doc. #35-2, at 10-14. "By 'unlocked PDF,' I mean a PDF that is *not* created by scanning in a paper copy or locked using password protection." *Id.* at 13. Plaintiff sought a PDF created by taking a Word or PDF document (not created by scanning a paper copy) and saving the file "in PDF without password protection" so that he could highlight and annotate the letters and file them as "exhibits via federal courts' electronic filing systems." *Id.*; *see also* Doc. #6-1, at 14, 29. Plaintiff did not wait for a response to his letter, filing this lawsuit seven days later. Doc. #1. Even when liberally construing his FOIA request, the DOL could not have known Plaintiff sought the type of PDF format he later detailed. Furthermore, Plaintiff cannot expand his FOIA request and/or modify the requested format when appealing the DOL's denial or in this lawsuit when he did not request this more particular unlocked PDF format in his initial FOIA request.

---

[11] Because the requested documents have already been produced, this matter is rendered moot. *Urban v. United States*, 72 F.3d 94, 95 (8th Cir. 1995) (citing *In re Wade,* 969 F.2d 241, 248 (7th Cir. 1992)); *see also United Transportation Union Local 418 v. Boardman*, No. C07-4100-MWB, 2008 WL 2600176, at *8 (N.D. Iowa June 24, 2008) (collecting cases).

Plaintiff also argues his FOIA request was not limited to the versions of the letters that were "signed," bear a signature, or are in "final" form. Doc. #48, at 8, 17. He contends the DOL could have omitted the signatures and date stamps and released most, if not all, of the requested records in Word format. Id. at 7. In support of its summary judgment motion, DOL provides the declaration of Todd Smyth, a Senior Staff Attorney with the OALJ since 1989 and whose responsibilities, during the relevant timeframe, included advising OALJ FOIA personnel on FOIA requests. Doc. #35-1.[12] Smith explains that once the letters to Plaintiff were drafted, they were printed, hand signed, sometimes hand-dated or date-stamped, and scanned as a PDF. Id. at 6 n.6. Smyth states "[n]o records of the final letters sent to Plaintiff exist in any format other than signed paper copies or final format PDF copies. All other copies of the letters are unsigned drafts." Id. at 7.

Plaintiff argues the DOL limited his request to only those letters that were signed even though his request did not seek only "final" and/or "hand-signed" letters. Doc. #48, at 18. But Plaintiff's request did not ask for anything other than "[a]ll letters from the OALJ" to Plaintiff regarding any of his FOIA requests. Doc. #35-2, at 3. Furthermore, Plaintiff's request indicated he was asking for the documents in "the format in which [they were] created or maintained." Id. (emphasis added). While the draft letters in Word were not sent to Plaintiff in response to his FOIA request, the final, signed copies of the letters were sent to Plaintiff. Doc. #35-1, at 7. The DOL did not violate the FOIA when it sent Plaintiff the responsive letters in PDF format, which was one of the (two) formats requested by him, and was also the format in which the DOL maintained the letters sent to Plaintiff.

The purpose of the FOIA is to provide greater access to government records. *Milner*, 562 U.S. at 564; *Kissinger*, 445 U.S. at 150; *Miller*, 13 F.3d at 262. The DOL has

---

[12] Plaintiff argues Smyth's Declaration is not admissible because he does not establish he has personal knowledge, states conclusions instead of facts, and fails to show he is competent to testify. Doc. #48, at 13. In the declaration, Smyth sets forth, among other things, his knowledge of and experience with FOIA requests, his review of the DOL's records related to Plaintiff's FOIA requests, his explanation about the DOL's search for records responsive to Plaintiff's FOIA requests, the DOL's communications with Plaintiff, identification of documents produced to Plaintiff, whether the responsive documents exist in the format requested by Plaintiff, and confirmation that no document was withheld by the DOL in response to Request 850930. Doc. #35-1. Smyth set forth sufficient facts showing he has personal knowledge, and established he was competent to testify.

established it fully discharged its obligations under the FOIA in that Plaintiff was given access to the very documents he sought in one of the formats he sought. Accordingly, the DOL's motion for summary judgment is granted in its favor.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider is denied, Plaintiff's Motion for Partial Summary Judgment is denied, Defendant's Motion for Summary Judgment is granted, and the remaining motions are denied as moot.

IT IS SO ORDERED.

DATE: April 9, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT