IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JACK JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-06129-CV-SJ-ODS |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT, (2) DENYING PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT AND ALTER OR AMEND JUDGMENT, (3) DENYING PLAINTIFF'S
RULE 52 MOTION, AND (4) DENYING PLAINTIFF'S RULE 60 MOTION</u>

Pending are Plaintiff's Motion to Alter or Amend Judgment (Doc. #64), Plaintiff's Motion to Amend the Complaint and Alter or Amend Judgment Regarding ALJ Order (Doc. #65), Plaintiff's Rule 52 Motion (Doc. #66), and Plaintiff's Second Motion for FRCP 60 Relief for Fraud, Misconduct, and Misrepresentation (Doc. #67). For the following reasons, Plaintiff's motions are denied.

### I. BACKGROUND

In this matter, Plaintiff asserted claims under the Freedom of Information Act ("FOIA") related to two FOIA Requests – i.e., F2018-850930 and F2018-858557. Doc. #1. On December 14, 2018, the Court dismissed Plaintiff's claims related to FOIA Request F2018-858557 because Plaintiff previously litigated claims associated with that request in the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia ("the D.C. Lawsuit"). Doc. #24. Between the Court's December 14, 2018 Order and April 9, 2019, Plaintiff filed, among other things, two Rule 60 motions and a motion to reconsider, asking for relief from the Court's December 14, 2018 Order. Docs. #27, 29, 50. Those motions were denied. Doc. #49, 55.

On April 9, 2019, the Court granted Defendant's motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. Doc. #55. Plaintiff

immediately appealed the Court's decision. However, on April 24, 2019, Plaintiff filed yet another Rule 60 motion seeking relief from the Court's December 14, 2018 Order. Doc. #60. The Court denied Plaintiff's Rule 60 motion. Doc. #63.

Between May 3, 2019, and May 9, 2019, Plaintiff filed four additional motions,[1] which are discussed in further detail *infra*. Docs. #64-67. Defendant opposes the motions. Doc. #71. Plaintiff filed replies in further support of his motions. Docs. #73-76. The motions are now fully briefed.

## II. DISCUSSION
### A. Plaintiff's Rule 59 Motion (Doc. #64)

Plaintiff asks the Court to "vacate or reverse its summary judgment [order] and at least afford Plaintiff a trial" pursuant to Rule 59(a) and 59(e) of the Federal Rules of Civil Procedure. Doc. #64, at 6.[2] Rule 59(a) permits a court to grant a new trial for jury trials and nonjury trials. Fed. R. Civ. P. 59(a). Nothing within Rule 59(a) permits the Court to grant Plaintiff relief from entry of summary judgment. Accordingly, Plaintiff's request for relief under Rule 59(a) is denied.

Rule 59(e) governs a motion to alter or amend a judgment, and provides a district court with the opportunity to correct "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations and quotations omitted). Rule 59(e) does not permit a party to rehash previously raised arguments. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation mitted). Nor does Rule 59(e) allow a party to offer or raise new legal arguments or theories that could have been raised prior to entry of judgment. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 934.

---

[1] The Court's Local Rules limit a party's suggestions in support of a motion to fifteen pages. L.R. 7.0(d)(1)(A). Each of Plaintiff's four motions exceed the Local Rule's page limitation, and when combined, contain more than 150 pages of legal arguments. Docs. #64-67. Throughout this litigation, Plaintiff has routinely disregarded the Court's Local Rule briefing requirements. However, given his pro se status and notwithstanding the fact that Plaintiff is an attorney, the Court has granted Plaintiff leniency in this regard.
[2] Page references relate to the pagination the Court's CM/ECF system applies to filings, and not the pagination utilized by the parties.

**(1) Smyth's Declaration**

For the first basis of his motion, Plaintiff points to a declaration provided by Department of Labor ("DOL") Senior Attorney Todd Smyth that was filed in the D.C. Lawsuit in 2016. According to Plaintiff, Smyth's 2016 declaration contained "many falsehoods," and Smyth "knowingly falsely declared that he had personal knowledge" and "provided evidence showing why he lied." Doc. #64, at 7-9, 26-28. Relying on his Complaint and his briefing on various motions, Plaintiff argues he "proved" Smyth's declaration was false throughout this litigation. *Id.* at 9-10. Plaintiff maintains Defendant, which supposedly knew about Smyth's allegedly false representations, still chose Smyth to submit a declaration in support of its motion for summary judgment in this matter. *Id.* at 11. According to Plaintiff, the Court "*repeatedly* refrained from ever addressing or even acknowledging any issue that Plaintiff presented regarding Smyth's perjury or credibility" and improperly relied on Smyth's declaration. *Id.* at 12-13 (emphasis in original).

Plaintiff's argument fails because, first and foremost, he previously raised this argument. In its April 9, 2019 Order, the Court found Plaintiff relied on allegations and arguments – not admissible evidence – to support many of his purported facts. Doc. #55, at 3-4. In addition, Plaintiff, in attempting to dispute Defendant's facts, did not cite anything in the record to support his contention or did not cite admissible evidence. *Id.* at 4. He also failed to respond to some of Defendant's facts. *Id.* A party's failure to properly support or challenge a fact violates Federal Rules of Civil Procedure 56(c) and the Court's Local Rules. *Id.* Thus, the Court could not consider Plaintiff's facts or his challenges to Defendant's facts, including facts pertaining to Smyth's declaration, that were not supported by the record. *Id.* The Court also rejected Plaintiff's argument that Smyth's declaration was not admissible because "Smyth set forth sufficient facts showing he has personal knowledge, and established he was competent to testify." Doc. #55, at 11 n.12. Because this argument was already raised and addressed, Plaintiff's motion is denied.[3]

---

[3] This issue was also litigated and addressed in the D.C. Lawsuit. In that matter, the Honorable Rudolph Contreras found Smyth demonstrated he had personal knowledge, and determined Plaintiff failed to substantiate his argument that Smyth's "factual

### (2) Plaintiff's Facts and the Court's April 9, 2019 Order

Plaintiff contends the Court failed to address the facts he set forth in his summary judgment briefing that Defendant failed to controvert. Doc. #64, at 13-14, 29-30. Plaintiff specifically points to Facts 70, 72, 73, 78, and 80. Doc. #64, at 13, 19, 25 (citing Doc. #48). But the portions of these facts Plaintiff claims the Court purportedly failed to address were solely supported by Plaintiff's Complaint and/or his declaration, or in some instances, nothing at all.

Plaintiff must cite to admissible evidence to support or controvert a fact, and he cannot rely on allegations to support or controvert a fact. Doc. #55, at 3-4. With regard to the portions of his declaration on which he relies for these facts, Plaintiff points to (1) his testimony about how he reproduced or converted a Word document in unlocked PDF format, (2) an email he sent to Defendant's counsel in February 2019 clarifying his FOIA request that was the subject of the motions for summary judgment, and (3) a statement that each fact stated in his response to Defendant's summary judgment motion and his cross motion "is within my personal knowledge and is incorporated herein as if set forth expressly herein." Plaintiff also utilizes his declaration to establish, among other things, Defendant failed to produce evidence establishing it released any requested record in the requested format. As explained *supra*, the Court could not and did not consider facts that were not supported by admissible evidence. Doc. #55, at 3-4. Because Plaintiff did not establish certain facts, the Court could not deem those same facts uncontroverted due to Defendant's failure to respond.

Plaintiff also argues the Court, in its April 9, 2019 Order, made improper inferences and contentions, "deceptively" chose its words, made misstatements and misrepresentations, "attempted to create doubt about the meaning" of Plaintiff's FOIA request, and "asserted another defense for the DOL based on clear falsehoods." Doc. #64, at 13-22, 33-40. The Court's Order was based upon the record before it and the parties' arguments. Regardless, Plaintiff does not present evidence of "manifest errors

---

assertions were very clearly false." *Jordan v. U.S. Dep't of Labor*, 273 F. Supp. 3d 214, 228-29 n.16 (D.D.C. 2017) (denying Plaintiff's motions to compel the deposition of Smyth, compel production of evidence related to Smyth's declaration, and strike Smyth's declaration).

of law or fact or to present newly discovered evidence." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Accordingly, Plaintiff's motion is denied.

### B. Plaintiff's Rule 15 and Rule 59 Motion (Doc. #65)

Pursuant to Rule 15(b)(2), Plaintiff asks that the Court treat his "Complaint as having been amended to include the ALJ order dated 1/17/18." Doc. #65, at 5. "Rule 15(b) provides parties with methods to amend a pleading any time **during or after trial**," and does not apply to a "situation where the parties intended to amend the complaint before trial." *Cook v. Bella Villa*, 582 F.3d 840, 852 (8th Cir. 2009) (emphasis added). "Rule 15(b), on its face, serves to conform the pleadings to the evidence '[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties.'" *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Hallett*, 708 F.2d 326, 329 (8th Cir. 1983) (quoting Fed. R. Civ. P. 15(b)(2)); *see also Fanning v. Potter*, 614 F.3d 845, 851 (8th Cir. 2010) (stating Rule 15(b)(2) "provides for an issue not raised in the pleadings to be tried by the parties' express or implied consent.").

Plaintiff does not cite to legal authority demonstrating Rule 15(b)(2) provides a basis for the relief he seeks. Importantly, Plaintiff's claims were not tried. Rather, the Court entered summary judgment in Defendant's favor. Yet, Plaintiff moves to amend his Complaint <u>after</u> Defendant filed its summary judgment motion stating the ALJ's order was not at issue,[4] <u>after</u> the Court issued its ruling on the parties' summary judgment motions, and <u>after</u> judgment was entered. Rule 15(b)(2) does not provide an avenue for the relief Plaintiff seeks.

Moreover, the relief sought by Plaintiff is unnecessary because the Court considered Plaintiff's claim associated with the ALJ's decision in its decision on the parties' motions for summary judgment. While this Court found Plaintiff failed to state a claim for relief related to the ALJ's decision, the Court also analyzed Plaintiff's claim as if it had been included in his Complaint. Doc. #55, at 7-8. The Court concluded Plaintiff failed to establish Defendant violated FOIA with regard to the ALJ's decision. *Id.* at 8.

---

[4] Defendant stated the ALJ's order "is not at issue in this litigation" and referred to Plaintiff's Complaint. Doc. #35, at 12 n.7. Plaintiff's Complaint does not mention the ALJ's January 17, 2018 Order. Doc. #1.

5

Given the Court's consideration of the claim, Plaintiff's motion for leave to amend is futile.[5]  For this additional reason, Plaintiff's motion is denied.

In this same motion, pursuant to Rule 59(e),[6] Plaintiff requests the Court vacate its summary judgment ruling with regard to the ALJ's order.  Doc. #65, at 5.  For the reasons stated above and because Plaintiff does not present evidence of "manifest errors of law or fact or to present newly discovered evidence," the Court denies Plaintiff's motion.

### C. Plaintiff's Rule 52(b) Motion (Doc. #66)

Pursuant to Rule 52(b), Plaintiff "requests the Court specially find facts and separately state conclusions of law" with regard to orders dated October 23, 2018; December 14, 2018; and April 9, 2019.  Doc. #66.  "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  Rule 52(b), upon which Plaintiff relies for this motion, allows a party to ask the Court to "amend its findings – or make additional findings – and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).  However, when issuing a ruling on a Rule 12 or Rule 56 motion, "[t]he court is not required to state findings or conclusions or, unless these rules provide otherwise, on any other motion."  Fed. R. Civ. P. 52(a)(3).  Plaintiff's motion fails because this matter was not tried, and the Court issued rulings on motions (not after a trial).  Therefore, Plaintiff's Rule 52(b) motion is denied.

This motion also contains two other requests, although they do not seem to be tied to Rule 52.  Plaintiff asks the Court to vacate its October 23, 2018 Order, which granted Defendant's motion to enlarge the time for Defendant to respond to Plaintiff's Complaint, and deem all factual allegations in the Complaint as admitted.  He also requests the Court amend its judgment dismissing Plaintiff's claims related to FOIA Request F2018-858557, and reconsider its rulings on the parties' summary judgment

---

[5] Plaintiff concedes, "[t]he DOL finally did release the ALJ Order in a Requested Format."  Doc. #65, at 23.  But Plaintiff does not explain how his claim associated with the ALJ's order is not rendered moot by Defendant's release of the order.

[6] Plaintiff also seeks relief under Rule 59(a), but as explained *supra*, Rule 59(a) is not a proper basis for the relief he seeks.

6

motions. To the extent Plaintiff is asking the Court to reconsider these rulings, his motion is denied because he asks to modify a procedural order after judgment has been entered. Fed. R. Civ. P. 54(b). In addition, Plaintiff has already asked for relief from the Court's orders granting Defendant's motion to dismiss and motion for summary judgment. He presents no compelling evidence, authority, or argument justifying a reversal of the Court's prior decisions. Accordingly, Plaintiff's motion is granted.

### D. Plaintiff's Rule 60 Motion (Doc. #67)

Finally, Plaintiff asks the Court to reinstate his claims related to FOIA Request F2018-858557 and order Defendant to file FOIA compliant versions of the emails sought in the request. Plaintiff brings his motion pursuant to Rule 60(b)(3) and Rule 60(b)(6), which allow a court to relieve a party from final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), 60(b)(6).

Plaintiff contends he presents "new" evidence that Judge Contreras, the District Court Judge in the D.C. Lawsuit, "knowingly misrepresented the only 'fact' that potentially supported his judgment as well as the DOL's contentions in this case that Powers' email is privileged and may be withheld." Doc. #67, at 9. This argument is based on a decision that Judge Contreras issued on May 8, 2019, in a case filed by Plaintiff in 2017.[7] Therein, Judge Contreras denied Plaintiff's motion for reconsideration of an order denying Plaintiff's request to release emails he sought pursuant to a FOIA request. *Jordan v. Dep't of Justice*, No. 17-cv-2702-RC (D.D.C. May 8, 2019) (Doc. #44). Plaintiff claims Judge Contreras "asserted additional falsehoods" and made misrepresentations about his previous findings and rulings in this order. Doc. #67, at 19-23.

Other than Judge Contreras's recent decision, Plaintiff's latest Rule 60 motion is similar, if not identical, to his previous Rule 60 motion. *Compare* Doc. #60 *with* Doc. #67. The Court already addressed those arguments. Doc. #63. Plaintiff's additional

---

[7] According to Judge Contreras, Plaintiff filed a lawsuit in 2017 seeking to compel the Department of Justice to disclose its records pursuant to the lawsuit filed by Plaintiff in 2016, which this Court refers to as the D.C. Lawsuit.

arguments related to the recent decision by Judge Contreras does not change the Court's analysis and does not provide a basis for granting Plaintiff relief pursuant to Rule 60. Accordingly, the Court denies Plaintiff's latest Rule 60 motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment, Plaintiff's Motion to Amend the Complaint and Alter or Amend Judgment, Plaintiff's Rule 52 Motion, and Plaintiff's Rule 60 Motion are denied.

IT IS SO ORDERED.

DATE: June 27, 2019

<u>/s/ Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT